UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CARSON                                                                     PLAINTIFF

V.                                        CIVIL ACTION NO. 3:21-CV-593-KHJ-MTP

COUNTY OF WARREN, MS, et al.                         DEFENDANTS

ORDER

Before the Court is Defendants' Maurice Brook, Martin Pace, Linda Pugh, and Jesse Tilly (collectively, "Moving Defendants") [33] Motion for Judgment on the Pleadings. Plaintiff Phillip Carson did not respond to the motion. For the following reasons, the Court grants the motion in part and denies it in part.

I.      Background

This civil-rights action arises from Carson's incarceration at Warren County Jail ("WCJ"). Compl. [1]. He alleges facts related to a specific incident, but also facts related to the conditions of his confinement.

Beginning with the conditions of his confinement, Carson compares living at WCJ to "living in a cave." *Id.* at 7. He alleges WCJ has poor lighting, no cleaning supplies, and mold- and mildew-infested sinks and showers. *Id.* Additionally, officers allegedly never conducted security checks and were "not even seen at all unless someone was headed to court," or when they fed inmates through tray slots. *Id.* Further, he alleges the Defendants wrongfully housed him with Darrell Hill, a "mental patient pre-trial detainee" from Mississippi State Hospital at Whitfield. *Id.* at 6-7. According to Carson, Hill exhibited erratic behavior, including "rant[ing] . . .

about killing someone," and that "anyone could wake up with [Hill] standing over their bunk like a madman." *Id.* at 7.

Hill's housing at WCJ led to the alleged incident. Carson alleges Hill made a shank and stabbed Carson in the chest, while Tilly and Brook watched the entire incident from a window. *Id.* at 7-8. He waited 45 minutes for assistance after the incident, while Hill stood "at the door still ranting and raving about something." *Id.* at 8. Tilly and Brook eventually intervened, confiscated the shank, and took Carson to Merit Health Hospital for treatment. *Id.* When Carson returned to WCJ and called his mother, he learned that she did not hear of the incident before that call, despite being his emergency contact. *Id.* at 9. His mother allegedly had to call WCJ for two days before he received his medication. *Id.* Eventually, Hill was charged with assault for the incident, and Carson was transferred to Central Mississippi Correctional Facility ("CMCF"), where he began "seeking redress." *Id.*

Carson filed his pro se Complaint on September 15, 2021, asserting claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. Compl. [1] at 3. His specific claims include "fail[ure] to protect, undue stress, delib[e]rate indifference, cruel and unusual [punishment], fail[ure] to input policy, [and] negl[i]gence." *Id.* He named "County of Warren, MS" along with Moving Defendants in their individual and official capacities. *Id.* at 2-4. Carson proceeded pro se until July 27, 2022. Notice of Appearance [29]. Moving Defendants' motion followed on August 18, 2022, asking for dismissal of all claims against them based

on qualified immunity or, alternatively, an order for a *Schultea* reply.[1] Mot. J. Pleadings [33]. Carson did not respond.

II.  Standard

When a defendant moves to dismiss after answering the complaint, the Court treats the motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Smith v. Myers*, 734 F. App'x 273, 274 (5th Cir. 2018) (per curiam) (citation omitted). But Rule 12(c)'s standard is the same as Rule 12(b)(6). *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Both standards ask "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quotation omitted).

A valid claim for relief requires "sufficient [facts], accepted as true" that give the claim "facial plausibility" and allow the Court "to draw the reasonable inference that the defendant is liable for the [alleged misconduct]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the plausibility standard does not impose a "probability requirement," it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "recitals of a cause of action's elements" and "conclusory statements" supporting them do not satisfy the plausibility standard. *Id.* (citing *Twombly*, 550 U.S. at 555). But courts should allow a well-pleaded complaint to survive a motion to dismiss even if "recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation omitted).

---

[1] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (holding district court may order plaintiff to reply to qualified-immunity assertion in detail).

3

III.  Analysis

Moving Defendants argue qualified immunity shields them from liability because Carson fails to allege anything more than conclusory allegations against them. [34] at 7. In other words, they argue his allegations fail to defeat their qualified-immunity assertion. *Id.* Alternatively, they argue the Court should require Carson to submit a *Schultea* reply as to each claim. [34] at 10-12.

Generally, qualified immunity shields government officials performing discretionary functions from individual liability for civil damages. *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant asserts qualified immunity, the plaintiff must demonstrate the defense does not apply. *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). To do so, the plaintiff must show (1) the officials violated a statutory or constitutional right, and (2) the right was "clearly established" at the time of the challenged conduct. *Id.* (citations omitted).

Qualified immunity "adds a wrinkle to § 1983 pleadings when . . . relevant." *Arnold v. Williams*, 979 F.3d 262, 266-67 (5th Cir. 2020) (reviewing 12(b)(6) dismissal). In the 12(b)(6) or 12(c) context, courts must "carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery." *Kelson*, 1 F.4th at 416 (alteration in original). That does not heighten the pleading standard, but the complaint must allow the court to *both* draw the reasonable inference that the defendants are liable for the alleged misconduct *and* defeat a qualified immunity defense. *Id.*; *Arnold*, 979 F.3d at 267.

That inquiry is difficult to conduct without any response from the plaintiff. In a similar case, the plaintiffs "highlighted the factual averments from their [c]omplaint without offering any legal analysis of their specific federal claims or any legal authority demonstrating that the alleged acts violated clearly established law." *Williams v. City of Jackson*, No. 3:20-CV-785, 2021 WL 4485865, at *3 (S.D. Miss. Sept. 29, 2021) (reviewing qualified-immunity-based motion to dismiss). Based on that response, Court ordered a *Schultea* reply "[r]ather than conduct a *sua sponte* review of all claims and speculate about what the parties might say[.]" *Id.*

In this case, the inquiry is nearly impossible because of Carson's failure to file *any* response. Rather than "speculate as to what [Carson] might say," the Court denies the motion to dismiss without prejudice and orders Carson to file a *Schultea* reply.

When a defendant asserts qualified immunity, the district court may "require the plaintiff to reply to that defense in detail." *Schultea*, 47 F.3d at 1433. The plaintiff must tailor the reply to the qualified-immunity assertion and "fairly engage its allegations." *Id.* That means the reply (1) must identify the claims and provide non-conclusory facts and case-specific legal analysis and (2) may not use "collective pleading." *Williams*, 2021 WL 4485865, at *3-4.

As to the first requirement, the Court emphasizes Carson's burden to show qualified immunity does not apply through "non-conclusory factual averments sufficient to allow a plausible inference that: '(1) [each defendant] violated a statutory or constitutional right and (2) the right was clearly established at the time

of the challenged conduct.'" *Id.* at *4 (quoting *Khan v. Normand*, 683 F.3d 192, 194 (5th Cir. 2012)). Accordingly, he must (1) identify the specific federal claims, (2) the defendants against whom he is asserting those claims, (3) the specific facts supporting those claims, and (4) as to each specific claim, the legal analysis demonstrating that the alleged conduct meets the qualified-immunity standard. *See id.*

As to collective pleading, "[t]he reply must explain what each individual Defendant allegedly did to support the specific claims against him." *Id.* In *Williams*, the Court emphasized that requirement because the case involved 21 plaintiffs asserting different claims against multiple defendants. *See id.* at *1, 4. Although Carson is the sole plaintiff here, the same principle applies because he asserts claims against five defendants. *See* [1] at 3-4 (listing various claims separate from list of named defendants). The collective-pleading prohibition is especially important because vicarious liability does not apply to § 1983 claims, and Carson must explain how Brook, Pace, Pugh, and Tilly, through their own individual actions, violated the Constitution. *See Williams*, 4485865, at *4 (citing *Iqbal*, 556 U.S. at 676).

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For all these reasons, the Court GRANTS Moving Defendants' [33] Motion for Judgment on the Pleadings to the extent that it seeks a

6

*Schultea* reply and DENIES it without prejudice to the extent that it seeks dismissal of Carson's claims.

The Court further ORDERS Plaintiff Phillip Carson to file a *Schultea* reply no later than February 15, 2023.

SO ORDERED, this the 31st day of January, 2023.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE