IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHILLIP CARSON**                                                                  **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:21-cv-593-KHJ-MTP**

**COUNTY OF WARREN, MS, ET AL.**                             **DEFENDANTS**

### SCHEDULING ORDER AND
### ORDER DENYING MOTION TO RECONSIDER [65]

THIS MATTER is before the Court on Plaintiff's Motion to Reconsider [65] and *sua sponte* for case management purposes. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [65] should be DENIED and a scheduling order should be entered.

On September 15, 2021, Plaintiff filed this action against Warren County, Mississippi, Sheriff Martin Pace, Officer Maurice Brook, Officer Jesse Tilly, and Linda Pugh. This case arises out of Plaintiff's incarceration at Warren County Jail and an alleged inmate-on-inmate assault.

On August 18, 2022, the individual Defendants—Pace, Brook, Tilly, and Pugh—filed a Motion for Judgment on the Pleadings [33] arguing that they are entitled to qualified immunity and, therefore, the claims against them should be dismissed. On June 23, 2023, the Court granted in part and denied in part the Motion for Judgment on the Pleadings [33]. The Court dismissed all the claims against the individual Defendants, save Plaintiff's failure-to-protect claim against Defendants Brook and Tilly.

On August 11, 2023, following a case management conference with all parties, the Court entered a Case Management Order [55] setting case deadlines and beginning the discovery period for all issues in the case. On September 1, 2023, however, Defendants Brook and Tilly

1

filed a Motion [56] requesting that the Court limit discovery to information relevant to qualified immunity. The Court granted the Motion [56], limiting discovery to the factual disputes relevant to whether qualified immunity applies to Defendants Brook and Tilly. The Court set a November 30, 2023, deadline for the parties to complete qualified immunity related discovery and set a December 15, 2023, deadline for Defendants to file a dispositive motion raising the defense of qualified immunity.

On December 13, 2023—nearly two weeks after the deadline for qualified immunity related discovery—the parties filed a Joint Motion for Extensions [63] seeking an order extending the qualified immunity related discovery deadline to December 30, 2023, and extending the deadline to file a dispositive motion raising the defense of qualified immunity to January 15, 2024.

The Motion [63], however, was not supported by good cause and did not provide the specifics needed to justify moving the case deadlines. *See* Case Management Order [55]; Fed. R. Civ. P. 16(b)(4). Nor did the Motion [63] show that the parties failed to complete qualified immunity related discovery because of excusable neglect or other good cause. *See* Fed. R. Civ. P. 6(b)(1)(B). The parties simply stated, "despite due diligence on the part of the undersigned counsel the parties have been unable to complete discovery." Accordingly, the Court denied the Motion [63] on December 14, 2023. *See* Order [64].

On the same day the Court denied the Motion [63], Plaintiff filed the instant Motion to Reconsider [65]. The next day, Defendants joined in the Motion to Reconsider [65]. *See* Joinder [66].

Motions for reconsideration are generally analyzed under the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief for a

judgment or order under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of judgment. *Id*.  Here, Plaintiff's Motion [65] was filed within the applicable twenty-eight-day time frame; therefore, it will be considered under Rule 59(e).[1]

A motion to alter a ruling under 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (internal quotations and citations omitted).  This Court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353, 355 (5th Cir. 1993).  "The granting of a Rule 59(e) motion is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (internal quotations and citation omitted).  However, because the Order [64] was not a final judgment, this Court is "'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

---

[1] The Court recognizes that Rule 59(e) is not technically applicable since no "judgment" has been entered in this action.  However, this Court and others within the Fifth Circuit analyze reconsideration motions under Rule 59(e). *See Insurasource, Inc. v. Fireman's Fund Ins. Co.*, 2012 WL 1365083, at \*\*1-2 (S.D. Miss. Apr. 19, 2012); *B&C Marine, LLC v. Cabiran*, 2013 WL 950562, at \*1 (E.D. La. Mar. 11, 2013); *Garrison v. Tex. S. Univ.*, 2013 WL 247028, at \*1 (S.D. Tex. Jan. 22, 2013).

In the Motion to Reconsider [65], Plaintiff explains that on July 16, 2023, he served discovery requests which sought, *inter alia*, video footage of the subject incident and the incident report. Plaintiff's counsel "assumed" Defendants produced this information, but when counsel eventually reviewed the documents produced by Defendants, he realized that Defendants had not responded to the discovery requests served on July 16, 2023. Realizing this, Plaintiff served another set of discovery requests on December 2, 2023.

Plaintiff also asserts that discovery has been delayed because his counsel was not listed as counsel of record with prison staff, preventing counsel from visiting him at the prison. Additionally, Plaintiff notes that his counsel had four cases scheduled for jury trials on the following dates: November 14, 2023, November 27, 2023, November 29, 2023, and December 11, 2023. Two of those cases were continued, one was settled, and one was tried over three days beginning on November 27, 2023.

In their Joinder [66], Defendants assert that they have not received responses to immunity related discovery and are "fervently working to produce responses to Plaintiff's most recently propounded set of discovery."

The parties have not shown a manifest error of law or fact or presented any newly discovered evidence, but instead are simply raising arguments which could, and should, have been made before the Court entered its Order [64]. This does not meet the standard for reconsideration under Rule 59. *See Rosenzweig*, 332 F.3d at 863-64. Moreover, the parties have not established good cause for the requested extensions.

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits,

4

other evidentiary materials, or reference to portions of the record. *See* Case Management Order [55]; Fed. R. Civ. P. 16(b)(4). The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

The Court entered its Case Management Order [55] beginning the discovery period on August 11, 2023, and then entered its Order [58] allowing only qualified immunity related discovery on October 2, 2023. Before entering Order [58], the Court discussed the scope and deadlines for qualified immunity related discovery and explained that the parties would need to diligently pursue such discovery. *See* October 2, 2023, Minute Entry. The Court set a November 30, 2023, deadline for this discovery.

Despite this, Defendants waited thirty days to serve their discovery requests,[2] and Plaintiff failed to serve any discovery requests during the qualified immunity related discovery period because his counsel was unaware that Defendants did not respond to discovery requests served on July 16, 2023. No party moved to compel any discovery responses or even sought a conference with the Court during the discovery period. The parties' conduct amounts to inadvertence, and the Fifth Circuit has held that "inadvertence . . . is tantamount to no explanation at all." *S&W Enters.*, 315 F.3d at 536.

---

[2] Defendants served discovery requests on November 1, 2023. *See* Notices [59] [60].

Additionally, the factors of importance and prejudice weigh against reconsideration as the parties will be granted a new discovery period for all issues in the case and another opportunity to file dispositive motions. The Court finds that the parties have failed to establish that a manifest error of law or fact has occurred or show that another reason justifies reconsideration of the Court's Order [64].

It should be noted that the parties had from August 11, 2023, to November 30, 2023, to conduct discovery addressing qualified immunity. Granting an extension of time renders the case management process worthless. After all, if the period for qualified immunity discovery is constantly expanded to the point where it meets or exceeds the time period that would be allowed in a typical case for *all* discovery, not just for qualified immunity issues, then there is no benefit or purpose for having a separate qualified immunity discovery period.

Because the deadlines for qualified immunity related discovery and dispositive motions raising this defense have expired, the Court finds that a scheduling order should be entered so this case may proceed to resolution. *See Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The defendants forewent their right to file a motion [for summary judgement based on qualified immunity] by allowing the motions deadline to expire")[3] *see also McCabe v. Macaulay*, 545 F. Supp. 2d 857, 856-66 (N.D. Iowa 2008) ("it is settled that motions seeking summary judgment on qualified immunity grounds are not exempt from a district court's trial management orders").

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Reconsider [65] is DENIED;

---

[3] The Court in *Edwards* also held that a district court's denial of leave to file an out-of-time motion for summary judgment asserting qualified immunity is not a direct rejection of qualified immunity and, thus, does not entitle defendants to file an interlocutory appeal of that denial.

6

2. Plaintiff's expert designation deadline is January 22, 2024;

3. Defendants' expert designation deadline is February 22, 2024;

4. The discovery deadline is March 22, 2024;

5. The deadline for motions (other than motions *in limine* or discovery motions) is April 5, 2024;

6. The pre-trial conference is reset for July 18, 2024, before District Judge Kristi Johnson;

7. The jury trial is reset for a two-week term beginning August 19, 2024, before District Judge Kristi Johnson;

8. The settlement conference remains set for February 7, 2024;

9. All other provisions of the Case Management Order [55] remain in place.

SO ORDERED this the 20th day of December, 2023.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE