UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CARSON                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:21-CV-593-KHJ-MTP

COUNTY OF WARREN, MS, et al.                                                          DEFENDANTS

ORDER

Before the Court are pro se Plaintiff Phillip Carson's [81], [86], and [90] Motions for Reconsideration. The Court denies the motions.

I.     Background

The Court has described the background of this Section 1983 case in prior Orders. *See, e.g.*, [51] at 1–3; [97] at 1–2. As relevant here, the Court's [51] Order granted in part and denied in part the Individual Defendants' motion for judgment on the pleadings. That Order dismissed most of Carson's claims against the Individual Defendants. *See id.* at 5–22. But it allowed Carson's failure-to-protect claims to proceed against Maurice Brook and Jesse Tilly in their individual capacities. *See id.* at 15–17, 22.

Seven months later, Carson moved for reconsideration of the Court's [51] Order. *See* [81]; [86]; [90]. Carson, now litigating pro se, notes that he and his former counsel "failed to plead personal involvement" and "failed to properly cure the deficiencies in plaintiff's case." [81] at 1. Even so, Carson moves for reconsideration because he was "prejudiced by [his former counsel's] erroneous acts and omissions." [86-1] at 2; *see also* [81] at 1 (stating that former counsel's

"misconduct has prejudiced plaintiff's case"); [86] (asserting that dismissal of meritorious claims "plainly fa[lls] on attorney of record"); [90] (same).

II. Standard

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up).[1] The Rule reflects the Court's inherent power to afford relief from interlocutory orders "as justice requires." *Id.* at 337 (quotation omitted). Under Rule 54(b), the Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (quotation omitted). But the Court may exercise that discretion "sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Langston & Langston, PLLC v. SunTrust Bank*, No. 3:18-CV-741, 2021 WL 3713462, at *1 (S.D. Miss. Aug. 20, 2021) (quotation omitted).

III. Analysis

The Court finds no reason sufficient to reconsider and reverse its interlocutory [51] Order. Carson's motions do not cast doubt on that Order's analysis or conclusion. In fact, Carson admits that he and his former counsel "failed

---

[1] Carson "moved under Rule 60(b), but by its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (cleaned up). The Court construes Carson's motions under Rule 54(b). *See* [81] at 2 (citing *Saqui*, 595 F.3d at 210–11).

2

to plead personal involvement" and "failed to properly cure the deficiencies in plaintiff's case." [81] at 1.

While Carson asserts that his former counsel's "erroneous acts and omissions" prejudiced his case, [86-1] at 2, that provides no basis for reconsideration here. Indeed, Carson

> voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) (cleaned up); *see also* [97] at 4. Carson is thus responsible for the "fail[ure] to plead personal involvement" and "to properly cure the deficiencies in [his] case." [81] at 1.

For those reasons, and for the reasons discussed in the Court's [51] Order, the Court denies Carson's motions for reconsideration.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Carson's [81], [86], and [90] Motions for Reconsideration.

SO ORDERED, this 14th day of February, 2024.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE