UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CARSON                                                                PLAINTIFF

V.                                CIVIL ACTION NO. 3:21-CV-593-KHJ-MTP

COUNTY OF WARREN, MS, et al.                            DEFENDANTS

ORDER

Before the Court is pro se Plaintiff Phillip Carson's [101] Motion for Recusal of Magistrate, which asks the Court "to appoint another magistrate or, in the alternative, preside over plaintiff's case in the interest of justice" under Federal Rule of Civil Procedure 73. The Court denies the motion.

I.      Background

The Court has described this Section 1983 case's background in prior Orders. *See, e.g.*, [51] at 1–3; [97] at 1–2. As relevant here, Carson "fears bias in this matter" after a settlement conference with the Magistrate Judge. *See* [101]; *see also* Letter [100]. Carson takes issue with some of the Magistrate Judge's alleged remarks during the settlement conference, including that:

- Carson may "regret" not accepting Defendants' settlement offer. [100] at 1–2.
- The Magistrate Judge would likely deny Carson's five pending motions to amend. *See id.* at 2; *see also* Mots. to Amend [80, 84, 88, 91, 92].
- It would cost about $500 to file an appeal in the Fifth Circuit, which Carson had stated his intent to do. *See* [100] at 2; *see also United States Court of Appeals Fee Information*, U.S. Ct. of Appeals for Fifth Circuit (effective Dec. 1, 2023) ("Notice of Appeal including Filing Fee (Paid in the District Court)[:] $605.00"), https://www.ca5.uscourts.gov/forms-fees/fees/fee-schedule.
- As to the Individual Defendants, only Carson's failure-to-protect claims against Brook and Tilly remain in this case. *See* [100] at 3; *see also* Order

- [51] at 22 ("Only Carson's failure-to-protect claim will proceed against Maurice Brook and Jesse Tilly in their individual capacities, and all other claims against them in their individual capacities are DISMISSED. All claims against Martin Pace and Linda Pugh in their individual capacities are also DISMISSED.").
- The Magistrate Judge wondered about the source of Carson's legal advice and asked: "You sure you['re] ready to[] go up against 30 years of legal experience?" [100] at 3.

Based on those alleged remarks, Carson's "Motion for Recusal" asks the Court "to appoint another magistrate or, in the alternative, preside over plaintiff's case in the interest of justice" under Federal Rule of Civil Procedure 73. [101].

II.  Analysis

Carson's motion fails, whether the Court construes it under Federal Rule of Civil Procedure 73 or under 28 U.S.C. § 455. The Court explains why below.

A.  Federal Rule of Civil Procedure 73

While Carson's motion cites Rule 73, that Rule does not apply to Carson's case. The Court thus denies Carson's apparent request to "vacate a referral to a magistrate judge under [Rule 73]." *See* Fed. R. Civ. P. 73(b)(3).

In some circumstances, a magistrate judge "may, if all parties consent, conduct a civil action or proceeding." Fed. R. Civ. P. 73(a); *see also* 28 U.S.C. § 636(c). That gives a magistrate judge "full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003).[1] In other words, Rule 73 comes into play when a magistrate judge handles a case *instead of* a district judge. When Rule 73 applies,

---

[1] Dispositive motions are motions that ask a court to entirely dispose of all or some of a plaintiff's claims. Some examples include a motion to dismiss and a motion for summary judgment.

2

a district court may "vacate a referral to a magistrate judge" based on good cause or extraordinary circumstances. Fed. R. Civ. P. 73(b)(3); *see also* 28 U.S.C. § 636(c)(4).

Rule 73 does not apply to Carson's case. Here, the Court has referred only non-dispositive motions to the Magistrate Judge. *See* 28 U.S.C. § 636(b). Because Rule 73 is inapplicable here, the Court denies Carson's apparent motion to "vacate a referral to a magistrate judge under [Rule 73]." Fed. R. Civ. P. 73(b)(3).

B.  28 U.S.C. § 455

Because Carson's motion is styled as a "Motion for Recusal," Carson may also have wanted this Court to recuse the Magistrate Judge under 28 U.S.C. § 455. But even if this Court could disqualify the Magistrate Judge under that statute, it would not do so here.

Under that statute, any "magistrate judge of the United States shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added); *see also Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76 (5th Cir. 2011) (noting that "magistrate judge denied the motion for recusal" under Section 455). But Carson seemingly asks this Court to disqualify the Magistrate Judge, rather than asking the Magistrate Judge to recuse "himself." *See* [101]; 28 U.S.C. § 455(a). The Court doubts that it has the power to consider Carson's request.

But even if the Court had that power, it would not exercise it here. In applying Section 455(a), a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's

3

impartiality." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (quotation omitted). "[A]dverse rulings or comments by a judge will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Id.* at 302 (quotation omitted).

The Magistrate Judge's alleged comments during the settlement conference are far from meeting that standard. Even in Carson's telling, the Magistrate Judge largely conveyed accurate information about the status of Carson's case and discussed the cost of an appeal to the Fifth Circuit. *See* [100] at 2–3. The Court appreciates that Carson disagrees with the Magistrate Judge's approach to the settlement conference, "where (in common experience) judges often discuss the strengths and weaknesses of the claims." *In re Martinez-Catala*, 129 F.3d 213, 219 (1st Cir. 1997). But none of the alleged remarks warrant disqualification.

For those reasons, the Court denies any request based on 28 U.S.C. § 455.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Plaintiff Phillip Carson's [101] Motion for Recusal of Magistrate.

SO ORDERED, this 18th day of March, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE