UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CARSON     PLAINTIFF

V.     CIVIL ACTION NO. 3:21-CV-593-KHJ-MTP

COUNTY OF WARREN, MS, et al.     DEFENDANTS

ORDER

Before the Court is the [117] Motion for Summary Judgment filed by Defendants County of Warren, MS, Officer Maurice Brooks ("Brooks"), and Officer Jesse Tilley ("Tilley") (collectively, "Movants"). For the following reasons, the Court grants the motion.

I.    Background

This civil-rights action arises from Phillip Carson's ("Carson") incarceration at Warren County Jail ("WCJ"). Compl. [1] at 7. Following an incident where he was stabbed by another inmate, Carson filed his pro se Complaint on September 15, 2021, asserting claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. [1] at 3, 8. His specific claims included "fail[ure] to protect, undue stress, delib[e]rate indifference, cruel and unusual [punishment], fail[ure] to input policy, [and] negl[i]gence." *Id.* at 3, 5.

According to Carson, Movants wrongfully housed him with Darrell Hill ("Hill"), a "mental patient pre-trial detainee" from the Mississippi State Hospital at Whitfield. *Id.* at 6–7. On June 6, 2021, at WCJ, Hill stabbed Carson in the chest

with a sharpened screwdriver shank. *Id.* at 7; Incident Narrative [117-4] at 1. Carson credits this injury to Movants' overall absence and failure to conduct "security checks"; he claims officers were not seen by inmates "unless someone was headed to court," or "they were feeding [the inmates] through the[ir] tray slot." [1] at 7. Carson also includes that "video surve[i]llance was not working" at the time of the incident. *Id.* at 6.

Carson alleges that after the stabbing, he "noticed Officer Till[e]y and Officer [Brooks] standing in the window watching the whole . . . incident." *Id.* at 8. Forty-five minutes passed before he received "any type of assistance," and the shank was confiscated from Hill. *Id.* Carson was then sent to Merit Health Hospital, where he underwent X-rays and was prescribed medication. *Id.* Hill was later charged with "assault with a weapon," and Carson was transferred to Central Mississippi Correctional Facility ("CMCF"). *Id.* at 9. Suffering from "on-going lasting nerve damage to [his] neck and right chest area," Carson "[sought] redress" by filing this lawsuit. *Id.* at 6, 9.

This Court previously granted in part and denied in part Defendants' [44] Second Motion for Judgment on the Pleadings, dismissing all claims, except the failure-to-protect claim against Officers Brooks and Tilley. *See* Order [51] at 22.[1] Movants have now submitted their [117] Motion for Summary Judgment based on three grounds: Carson's (1) "failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act [(PLRA)], 42 U.S.C. §[]1997"; (2)

---

[1] This Court's [51] Order fully outlines the relevant background of this action and all of Carson's claims prior to their dismissal.

inability to "defeat [Brooks and Tilley's] qualified immunity"; and (3) "fail[ure] to establish a constitutional violation or an official policy which motivated a constitutional violation," on behalf of Warren County. [117] ¶¶ 3–5. Along with their [117] Motion, Movants attached the WCJ Grievance Procedures, *see* [117-1], the affidavit of Tilley, *see* [117-2], the affidavit of Brooks, *see* [117-3], and the Incident Narrative from the day in question. *See* [117-4]. Admitting his failure to exhaust more than once, Carson has submitted no competent summary-judgment evidence indicating that exhaustion was unavailable to him. *See* [1] at 10–12; Pl.'s Resp. in Opp'n [129] at 2. The Court is therefore able to decide this matter on the first ground, without reaching the second or third.

II.   Standard

When considering a motion under Rule 56, the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if, under the applicable substantive law, its resolution could affect the outcome of the action." *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (cleaned up). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up).

"[N]o unexhausted [PLRA] claim may be considered." *Jones v. Bock*, 549 U.S. 199, 220 (2007). "Because exhaustion of remedies is an affirmative defense, defendants bear both the ultimate burden of proof [on failure to exhaust claims] and

the initial burden [at the summary judgment stage].") *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024). They "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The burden then shifts to the nonmoving party to show the existence of a genuine issue of material fact." *Favela*, 91 F.4th at 1212.

III. Analysis

Movants argue that the PLRA shields them from liability because Carson failed to "exhaust the administrative remedies available to him prior to filing this action," as required under the statute. Defs.' Mem. Supp. Mot. Summ. J. [118] at 3; *see also* 42 U.S.C. § 1997e(a). "Under federal law, people who are incarcerated must exhaust administrative remedies if they wish to sue those who have violated their constitutional rights." *Harrison v. Hall*, No. 3:18-CV-637, 2019 WL 4731952, at *2 (S.D. Miss. Sept. 27, 2019). And the Fifth Circuit has emphasized that the "PLRA pre-filing exhaustion requirement is *mandatory* and non-discretionary." *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam) (emphasis added).

Normally, "[f]ailure to exhaust . . . warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements." *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019). But when the deadlines for administrative remedies have passed, the Court may dismiss a prisoner's complaint with prejudice because exhaustion has become

4

impossible. *See Johnson v. La. ex rel. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 280–81 (5th Cir. 2006) (per curiam).

"Since exhaustion is an affirmative defense, the burden is on [Movants] to demonstrate that [Carson] failed to exhaust available administrative remedies." *Dillon*, 596 F.3d at 266 (cleaned up). Movants have met this burden. They attached the WCJ Grievance Procedures showing that WCJ had an available grievance process allowing inmates to submit an informal, verbal grievance and then, if still unsatisfied, submit a formal, written grievance. *See* [117-1]. After considering the grievance, WCJ would allow inmates to appeal the decision. *Id.* Movants have also shown that Carson failed to take advantage of this administrative remedy process while at WCJ. *See* [118] at 6; *see also* Defs.' Reply [133] at 3–4 (highlighting Carson's admission that he did not file any grievances about the events described in his [1] Complaint at *any* jail, prison, or correctional facility).[2]

Without disputing the attached and available WCJ grievance policy or presenting any evidence of his own, Carson failed to meet his rebuttal burden. He offers only his unsubstantiated and conclusory assertions that the WCJ system was "ineffective" with "no remedy . . . available" to him. [129] at 2; *see also Favela*, 91 F.4th at 1213 (explaining that "conclusory allegations, unsubstantiated assertions,

---

[2] As mentioned, Carson was transferred to CMCF, but he failed to file a grievance there, as well. "[M]ere transfer to a new facility does not excuse the failure to exhaust." *Hamilton v. Keller*, No. 3:19-CV-314, 2020 WL 4144451, at *3 (S.D. Miss. June 9, 2020), *report and recommendation adopted*, No. 3:19-CV-314, 2020 WL 4106099 (S.D. Miss. July 20, 2020). Carson "does not contend that there were any problems at the new facility that prevented him from filing grievances regarding the incident at" WCF. *Lindsey v. Striedel*, 486 F. App'x 449, 452 (5th Cir. Aug. 17, 2012) (per curiam).

5

or only a scintilla of evidence cannot on their own create a genuine issue of material fact" (cleaned up)); *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) (holding that unsupported allegations, affidavits, or depositions merely setting forth ultimate or conclusory facts and conclusions of law are not enough to defeat a motion for summary judgment). Carson states that he "inquired about a[] grievance on numerous occasions," but he fails to provide the Court with any information about when these inquiries occurred, what he asked about, who he inquired to, or whether he received a relevant response. [129] at 2. He goes on, twice, to conclude that the WCJ system was generally "ineffective," but he once again fails to specify how he came to this conclusion. *Id.* He then concedes to being "unaware of a procedure" to pursue administrative remedies at CMCF. *Id.*[3]

The Fifth Circuit has held that "courts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Hernandez*, 798 F.3d 290, 295 (5th Cir. 2015). Unavailability applies when procedures are "so opaque that [they] become[] . . . incapable of use by an ordinary prisoner, or when prison administrators thwart inmates from taking advantage of a

---

[3] CMCF is a part of the Mississippi Department of Corrections ("MDOC"), and the MDOC has an existing Administrative Remedy Program ("ARP") where inmates may seek formal review of a grievance relating to aspects of their incarceration in a two-step process. *Wheater v. Shaw*, 719 F. App'x 367, 369–70 (5th Cir. 2018). First, "[a]n inmate must file a grievance within 30 days of the complained-of incident." *Id.* From there, the two-step process includes a written request to the prison's legal-claims adjudicator, a response by the prison, and if necessary, another review by the prison. *Id.* at 370. If the inmate remains dissatisfied, then they may proceed to file suit. *Id.*; *see also Harrison*, 2019 WL 4731952, at *2; Miss. Code Ann. §§ 47-5-801, 803. Movants identified that grievance procedure in their motion. [118] at 6–7. Carson offered no response. *See* [129].

grievance process through machination, misrepresentation[,] or intimidation." *Harrison*, 2019 WL 4731952, at *2 (cleaned up). And although Carson believes he performed his "due diligence concerning filing a grievance," the Court gleans no specific facts from the record to show circumstances that precluded him from accessing the grievance procedures at either facility. [129] at 2. His alleged inquiry about WCJ's grievance policy, his ignorance of a grievance policy at CMCF, and his overall failure to exhaust because of the policies' unproven unavailability are altogether insufficient to raise a genuine issue requiring trial. *See Favela*, 91 F.4th at 1212.

Within Carson's many filings, the Court finds no plausible attempt to utilize the grievance procedures available to him at either WCJ or CMCF. The deadline to file a formal grievance through WCJ's grievance process is seven days from an incident. [117-1] at 2. And the MDOC's ARP has a 30-day deadline. *Wheater*, 719 F. App'x at 369–70. Hill stabbed Carson on June 6, 2021. [1] at 7. Thus, the deadlines for Carson to file administrative grievances have long since passed. Because Carson failed to exhaust his available administrative remedies and would now be time-barred from doing so, the Court grants summary judgment and dismisses Carson's claims with prejudice. *See Johnson*, 468 F.3d at 280–81.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For all these reasons, the Court GRANTS Movants' [117] Motion for Summary Judgment and DISMISSES the case with prejudice. Following

the outcome of this Order, the Court FINDS AS MOOT Carson's [111] Motion to Present Additional Evidence, [125] Motion for Writ of Habeas Corpus, [132] Cross-Motion for Summary Judgment, [136] Motion to Clarify Pending Motions for Summary Judgment, [137] Motion for Judicial Notice, [144] Motion for Summary Judgment, and [150] Motion for Judicial Notice.[4] The Court therefore GRANTS Movants' [135, 148] Motions to Strike. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this the 16th day of September 2024.

s/ <i>Kristi H. Johnson</i><br>
UNITED STATES DISTRICT JUDGE

---

[4] Given that motions were due by April 5, 2024, most of these motions are untimely, as well. *See* Scheduling Order [67] at 7.